**Matthew VAN SCOY, By and Through his Guardian Ad Litem, COlleen VAN SCOY, Plaintiff,**

v.

**SAN LUIS COASTAL UNIFIED SCHOOL DISTRICT, Defendant.**

No. CV 04–9761 ER (RZx).

United States District Court, C.D. California.

Jan. 5, 2005.

Marcy J K Tiffany, Steven M. Wyner, Wyner & Tiffany, Torrance, CA, for Plaintiff.

Cynthia Lynn Dalton, Howard A Friedman, Joshua Adam Stevens, Lozano Smith, Santa Monica, CA, for Defendant.

## ORDER GRANTING PLAINTIFF'S MOTION FOR STAY PUT INJUNCTION

RAFEEDIE, Senior District Judge.

Before the Court is Plaintiff Matthew Van Scoy's Motion for Stay Put Injunction against the San Luis Coastal Unified School District (the "District"). After carefully considering the arguments presented in the parties' papers, the Court has reached the following **CONCLUSIONS:**

[1] The appropriate standard for the granting of injunctive relief in this case is the application of the "traditional preliminary injunction analysis." *Johnson v. Special Educ. Hearing Office,* 287 F.3d 1176, 1180 (9th Cir.2002). "To enjoin a

'stay put' order, a litigant must demonstrate either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in [his] favor." *Id.* (quotations and citations omitted). The Court's review of the administrative agency's decision is de novo, with the court giving weight to the hearing officer's decision when it was "careful, impartial, and sensitive to the complexities of the issue presented." *Ojai Unified Sch. Dist. v. Jackson,* 4 F.3d 1467, 1476 (9th Cir.1993).

■ The stay-put provision in the federal Individuals with Disabilities Education Act ("IDEA") reads as follows: "[D]uring the pendency of any proceeding conducted pursuant to this section, unless the State or local agency and the parents otherwise agree, the child shall remain in the then-current educational placement of such child." [1] 20 U.S.C. § 1415(j).

■ In order to assess the likelihood of success on the merits, the Court must address whether Matthew's parents "otherwise agree[d]" to Matthew's current placement and, if not, whether Matthew's current placement qualifies as the "then-current education placement" under the statute. After a careful review of the record and the relevant law, the Court believes that Matthew's parents never agreed that his current placement should constitute the stay-put placement. The Court also believes that his current placement does not qualify as the "then-current education placement" required by law.

■ The District argues, and the hearing officer agreed, that Matthew's current placement—without the 120 minutes per day of one-on-one services with a behavioral health specialist (BHS) outside of the regular classroom—was agreed to by Ms. Van Scoy in a conversation she had with District Representative Jackie Kirk–Martinez on August 27, 2004, which was then memorialized in a letter to the Van Scoys dated August 31, 2004.

■ ■ The Court is simply not convinced that this letter represents an agreement by Matthew's parents that the placement outlined in the letter would be the stay-put placement. Without reaching the plaintiff's argument that such an agreement need be in writing, it seems clear that the Van Scoys never agreed, in writing or otherwise, to the placement outlined in the August 31 letter. Lawyers write letters like the August 31 letter all the time in an attempt to characterize an agreement in terms most favorable to their clients. Quite often these letters do not, in fact, represent the agreement they purport to, and simply writing a letter saying that there has been an agreement does not mean that there has been. In this case, there is undisputed evidence that Ms. Van Scoy immediately responded to the August 31 letter by calling Ms. Kirk–Martinez and telling her that the letter, in fact, did not represent the Van Scoys' agreement with regard to Matthew's stay-put placement. Shortly thereafter, the plaintiff's attorney also stated in writing that the Van Scoys disagreed with the purported stay-put placement described in the August 31 letter.[2] The hearing officer appears to completely disregard this undisputed evidence

---

1. The parallel state provision is substantially similar: "[D]uring the pendency of the hearing proceedings ... the pupil shall remain in his or her present placement ... unless the public agency and the parent agree otherwise." Cal. Educ.Code § 56505(d).

2. The August 31 letter becomes even more dubious in light of Ms. Van Scoy's representations that Ms. Kirk–Martinez told her that Matthew could be held back in kindergarten unless they reached some agreement and that the letter need only reflect those aspects of Matthew's placement upon which there was

in reaching the conclusion that there was an agreement. Additionally, the record contains a letter from the Van Scoys' attorney in late July, in which she explicitly states the Van Scoys' position that the stay-put placement should include the 120 minutes with a BHS aide outside of the regular school day. There is no reason to believe—other than the District's unilateral insistence to the contrary—that the Van Scoys changed their mind on this issue.

Therefore, on the record before it, the Court concludes that there was no agreement by the Van Scoys that Matthew's current placement—without the additional out-of-classroom services—should be the stay-put placement during the pendency of the proceedings.

The Court must next address, absent an agreement by the Van Scoys, whether Matthew's current placement can be considered "the then-current educational placement." "Neither the statute nor the legislative history provides guidance for a reviewing court on how to identify 'the then current educational placement.' " *Drinker v. Colonial Sch. Dist.*, 78 F.3d 859, 865 n. 13 (3rd Cir.1996). The Ninth Circuit has held that "[f]or the purpose of § 1415(j)'s 'stay put' provision, the current educational placement is typically the placement described in the child's most recently implemented IEP [Individualized Education Program]." *Johnson*, 287 F.3d at 1180. In this case the most recently implemented IEP was decided in May 2003. This IEP placed Matthew in a regular education kindergarten program where he received a one-on-one Behavioral Health Specialist (BHS) aide during the duration of the school day and 120 minutes one-on-one with a BHS aide outside the regular classroom.

[8] The purpose of the stay-put provision is to maintain the status quo and to prevent the school district from unilaterally denying placement to a student while a dispute over the placement is being resolved. Courts have recognized, however, that because of changing circumstances the status quo cannot always be exactly replicated for the purposes of stay put. *Ms. S. ex rel. G. v. Vashon Island School Dist.*, 337 F.3d 1115, 1133–35 (9th Cir. 2003). In the present case, the circumstances have changed because Matthew has moved from kindergarten into first grade, which includes additional time in the classroom. Certainly the purpose of the stay-put provision is not that students will be kept in the same grade during the pendency of the dispute. The stay-put provision entitles the student to receive a placement that, as closely as possible, replicates the placement that existed at the time the dispute arose, taking into account the changed circumstances.

[9] The District suggests that because Matthew's school day has lengthened he is not entitled to the additional daily time outside the classroom with a BHS aide. While the ultimate decision regarding the appropriate placement for Matthew is not currently before the Court, for the purpose of the stay-put provision, the Court believes that the placement that as closely as possible replicates that which Matthew was receiving at the time the dispute arose includes 120 minutes daily with a BHS aide outside of the classroom. Indeed, the Court believes that a placement that did not include the 120 minutes of outside-the-classroom services would constitute a significant change in the stay-put placement.[3] For these reasons, the

---

agreement, not the Van Scoys' disagreement with aspects of the placement.

**3.** The Court finds persuasive the analysis by the hearing officer *In the Matter of B.H.*, SN

03–01944 (Cal. Special Educ. Hearing Office 2003). In that case, which has facts very similar to the present case, the hearing officer concluded that the appropriate stay-put place-

 

plaintiff has shown probable success on the merits of his claim.

 [10] Similarly, the plaintiff has also shown a likelihood of irreparable harm. Every school day that passes and Matthew is not provided the additional 120 minutes of one-on-one services, it is likely that he is falling further and further behind on his educational goals. The plaintiff has presented evidence in this regard, showing Matthew is falling behind this year in meeting his educational goals and benchmarks. The District does not directly dispute this evidence but insists only that Matthew is making some "progress" towards his goals. Therefore, the evidence before the Court suggests a likelihood that Matthew's education could be irreparably harmed in his current placement.

 In conclusion, the Court believes that the plaintiff has shown a probable success on the merits combined with a likelihood of irreparable harm sufficient to warrant the issuance of a stay-put injunction. Accordingly, Plaintiff's Motion for Stay Put Injunction is GRANTED. Specifically, the District is HEREBY ORDERED to provide Plaintiff, as part of the stay-put placement, 120 minutes each school day of one-on-one services with a BHS aide outside of the regular classroom in addition to one-on-one services with a BHS aide for the duration of the school day. As there appears to be no dispute regarding the other aspects of Plaintiff's placement outlined in the August 31, 2004 letter, they shall continue as part of the stay-put placement.

IT IS SO ORDERED.

ment for a student who moved from kindergarten into first grade was to continue to receive one-on-one services outside the classroom in addition to one-on-one services for the length of the school day. The hearing

IT IS FURTHER ORDERED that the Clerk of the Court shall serve,. by United States mail or by telefax or by email, copies of this Order on counsel in this matter.

officer concluded that to reduce the amount of outside-the-classroom services "so that the total hours of one-on-one services remains the same would constitute a significant change in the stay put placement."